| | |
|---|---|
| BECKER, GLYNN, MELAMED & MUFFLY LLP<br>299 Park Avenue<br>New York, New York 10171<br>(212) 888-3033<br>Alec P. Ostrow<br>aostrow@becklerglynn.com | Hearing Date:  August 2, 2010<br>at 10:00 a.m. |

*Proposed Attorneys for Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
  In re                                                                      :    Chapter 11
                                                                                  :
  RALPH ESMERIAN,                                             :    Case No. 10-12721 (RDD)
                                                                                  :
                        Debtor.                                         :
                                                                                  :
------------------------------------------------------------ x

**DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION**
**TO MOTION FOR THE APPOINTMENT**
**OF A CHAPTER 11 TRUSTEE**

Ralph Esmerian, the debtor and debtor in possession herein (the "Debtor"), by his proposed attorneys, respectfully submits this memorandum of law in opposition to the motion of the United States Trustee for the appointment of a chapter 11 trustee.

**Preliminary Statement**

On July 23, 2010, this Court granted the Debtor's motion to convert his involuntarily commenced chapter 7 case to a chapter 11 case, and for an order for relief under chapter 11. On the same date, this Court also denied without prejudice the debtor's motion for the appointment of an examiner with expanded powers. In the companion cases of R. Esmerian, Inc. ("REI"), similar motions by the debtor yielded similar results. The United States Trustee has moved for the appointment of a chapter 11 trustee in both cases. The Debtor respectfully opposes the

150147

appointment of a chapter 11 trustee, and asks the Court to consider as an alternative an examiner with expanded powers, based on a different proposed order designed to address concerns raised by the Court at the July 23, 2010 hearing.

**Argument**

**I**

**THE DEBTOR'S PAST MISCONDUCT DOES NOT RENDER THIS CASE AN EXTRAORDINARY CASE REQUIRING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE, WHEN AN EXAMINER WITH EXPANDED POWERS IS THE MORE APPROPRIATE RESULT.**

As the United States Trustee has pointed out, the amendment to section 1104 enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), requires her to move for the appointment of a chapter 11 trustee, "if there are reasonable grounds to suspect" that such a motion could be granted. 11 U.S.C. § 1104(e). Nevertheless, as the United States Trustee recognizes, that section does not change the grounds for granting such a motion. Appointing a chapter 11 trustee remains a remedy an "extraordinary remedy," *Adams v. Marwil (In re Bayou Group, LLC)*, 564 F.3d 541, 546 (2d Cir. 2009); *In re Ridgemour Meyer Properties, LLC*, 413 B.R. 101, 108 (Bankr. S.D.N.Y. 2008); *In re 1031 Tax Group, LLC*, 374 B.R. 78, 85 (Bankr. S.D.N.Y. 2007); *In re Euro-American Lodging Corp.*, 365 B.R. 421, 426 (Bankr. S.D.N.Y. 2007); *In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 655 (Bankr. S.D.N.Y.), *aff'd*, 342 B.R.122 (S.D.N.Y. 2006); one reserved for "extraordinary cases." *Smart World Techs., LLC v. Juno Online Servs., Inc. (In re Smart World Techs., LLC)*, 423 F.3d 166, 176 (2d Cir. 2005). There is a strong presumption that the debtor should be permitted to remain in possession absent a showing of need for the appointment of a trustee. *1031 Tax Group*, 374 B.R. at 85; *Adelphia*, 336 B.R. at 655; *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 167 (Bankr. S.D.N.Y. 1990).

2

Although the statute requires the appointment of a chapter 11 trustee upon a finding of "cause," 11 U.S.C. § 1104(a)(1); this Court has wide latitude in determining whether specific conduct constitutes such "cause." *1031 Tax Group*, 374 B.R. at 86; *Adelphia*, 336 B.R. at 655. Indeed, "on a motion for the appointment of a trustee, the focus is on the debtor's current activities, not past misconduct." *In re Sletteland*, 260 B.R. 657, 672 (Bankr. S.D.N.Y. 2001); *accord 1031 Tax Group*, 374 B.R. at 86. *See generally,* 2 Nancy C. Dreher & Joan N. Feeney, BANKRUPTCY LAW MANUAL, § 11A:12, at 270 (5th ed. West 2010) ("[M]ost courts have adopted a more flexible view, and find that past mismanagement or fraud does not mandate the appointment of a Chapter 11 trustee, and examine the likelihood of repeated malfeasance, the expense of a trustee, and whether an active creditors' committee is available to supervise the debtor in possession.").

The conduct cited by the United States Trustee occurred in another case, the Fred Leighton Holdings Inc. case, over which the Debtor had managerial authority. That conduct resulted in the equitable subordination of the Debtor's claims in the other case. Significantly, the conduct did not concern the Debtor's own assets or his actions with respect to his own creditors. This Court has already held that the Debtor has not acted in bad faith so as to forfeit his right to convert to chapter 11. Moreover, the Debtor's prior motion for the appointment of an examiner with expanded powers demonstrates that he is concerned about having an appropriate investigation, safeguarding of assets, and monitoring and reporting on his conduct. The prior motion was denied without prejudice, in part, because the order proposed at that time was confusing with respect to the examiner's authority over estate assets. The Debtor has renewed the motion for an examiner with expanded powers as part of his opposition to the United States Trustee's present motion, with a revised, proposed examiner order designed to address the

3

concerns raised by this Court at the July 23, 2010 hearing. This case is not in the category of extraordinary cases in which a need for the appointment of a chapter 11 trustee has been demonstrated.

For similar reasons, it is not appropriate to appoint a chapter 11 trustee under 11 U.S.C. § 1104(a)(2), which furnishes the additional ground for appointment, "if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate . . . ."[1] The United States Trustee has focused solely on the alleged interest of creditors, but ignores the "other interests of the estate," namely the interests of the Debtor. The Debtor in this case is an individual, a human being, with a profound interest in the disposition of his assets and affairs, including the opportunity to negotiate a confirmable plan of reorganization. None of the cases cited by the United States Trustee concern an individual in a chapter 11 case. As discussed below, the effect of the appointment of a chapter 11 trustee on the Debtor is profound and catastrophic. Moreover, as set forth below, the appointment of a chapter 11 trustee, as opposed to an examiner with expanded powers, not only effectively deprives the estate of the benefit of the Debtor's well-recognized knowledge, experience and connections in the art market for the purpose of maximizing the value of the estate, it significantly increases the expense of the estate. A trustee would have to hire professional persons to attempt to replace the Debtor's knowledge, experience and connections in undertaking a program to maximize the value of the art collection assembled by the Debtor, if the trustee were to do anything other than turn the assets over to an auctioneer.

---

[1] The United States Trustee has not cited 11 U.S.C. § 1104(a)(3) as a ground for the appointment of a chapter 11 trustee. That section incorporates the grounds for conversion or dismissal under 11 U.S.C. § 1112, which are also based on "cause," *see* 11 U.S.C. §§ 1112(b)(1), 1112(b)(4). Significantly, section 1104(a)(3) specifically allows the court to appoint an examiner. It is respectfully submitted that the appointment of an examiner with expanded powers is the appropriate resolution of the United States Trustee's motion.

4

150654

The philosophy of chapter 11 is to give the debtor a second chance. *Sletteland*, 260 B.R. at 672. The Debtor respectfully requests that he be given that chance. Appointing a chapter 11 trustee effectively robs him of that chance. A trustee has the right to sell estate assets, 11 U.S.C. § 363(b), based on the trustee's business judgment, irrespective of what the Debtor thinks or whether the Debtor could use such property in connection with a reorganization plan. Although a debtor-out-of-possession has the right to raise and be heard on any issue in the case, 11 U.S.C. § 1109(b); or even to propose a plan, 11 U.S.C. § 1121(c); such rights cannot be effectively exercised, because a debtor-out-of-possession has no way to retain or compensate attorneys at the expense of the estate. *See Lamie v. United States Trustee*, 540 U.S. 526 (2004) (discussing effect of 1994 amendment to 11 U.S.C. § 330(a)). In addition, there is no statutory authorization to compensate counsel for a debtor-out-of-possession, even if a debtor-out-of-possession makes a substantial contribution in a chapter 11 case. *See* 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4) (allowing "substantial contribution" claims and compensation for professional services for certain creditors, indenture trustees, equity security holders, and unofficial committees, but not for debtors). The individual debtor-out-of-possession is effectively without influence over his assets and financial affairs. This is especially so when the court has ousted him for "cause," and major creditors are of the opinion that the Debtor should not be listened to.

The Debtor's revised proposed order appointing an examiner with expanded powers provides the appropriate mechanism to grant the Debtor an opportunity to reorganize, while ensuring that prior misconduct will not be repeated in the present case. It is respectfully submitted that such an order strikes the appropriate balance between the rights of the Debtor and the creditors, benefits the estate by allowing the effective use of the debtor's knowledge, experience and connections in the art market to maximize the value of the estate, and therefore

150654

should be adopted.  For these reasons, the United States Trustee's motion to appoint a chapter 11 trustee should be denied.

## II

### THE APPOINTMENT OF A CHAPTER 11 TRUSTEE FOR AN INDIVIDUAL DEBTOR RAISES SERIOUS CONSTITUTIONAL ISSUES, AND THEREFORE MANDATES A CONSTRUCTION OF SECTION 1104 THAT AVOIDS SUCH ISSUES.

Since the enactment of BAPCPA in 2005, section 1115(a) of the Bankruptcy Code has made the post-petition personal services earnings of an individual chapter 11 debtor into property of the bankruptcy estate.[2]  Section 1115(b) provides: "Except as provided in section 1104 or a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate."  The reference in section 1115(b) to section 1104 is, of course, to the appointment of a chapter 11 trustee.

The appointment of a chapter 11 trustee for an individual debtor means that the trustee is entitled to all of the individual debtor's earnings from post-petition services, and there is no statutory basis for the debtor to retain any of such earnings.  Stated differently, to the extent that the individual debtor performs services, the earnings for such services go to the trustee.

Section 1 of the Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted,

---

[2]  In a chapter 7 case, post-petition personal services earnings are excluded from property of the estate. 11 U.S.C. § 541(a)(6).  This was the case under chapter 11 as well, prior to the enactment of BAPCPA.  *See FitzSimmons v. Walsh (In re FitzSimmons)*, 725 F.2d 1208, 1210 (9th Cir. 1984) (limiting the § 541(a)(6) exception to personal services); *In re Cooley*, 87 B.R. 432, 441 (Bankr. S.D. Tex. 1988) (disagreeing with *FitzSimmons* with regard to such limitation).  *But see In re Herberman*, 122 B.R. 273, 278-83 (Bankr. W.D. Tex. 1990) (holding § 541(a)(6) inapplicable to such earnings, applying § 541(a)(7) to bring such earnings into the estate, and determining that an individual debtor is entitled to a salary from the estate as though the debtor were an employee of the estate).

6

150654

shall exist within the United States, or any place subject to their jurisdiction." U.S. CONST. amend. XIII, § 1. The purpose of this Amendment:

> was to abolish slavery of whatever name and form and all its badges and incidents; to render impossible any state of bondage; *to make labor free, by prohibiting that control by which the personal service of one man is disposed of or coerced for another's benefit, which is the essence of involuntary servitude.*

*Bailey v. Alabama*, 219 U.S. 219, 241 (1911) (emphasis added). When the basis of the compulsion is indebtedness, the result is peonage, which is a form of involuntary servitude. *Clyatt v. United States*, 197 U.S. 207, 215 (1905).

Forcing debtors to work for creditors, even under the Bankruptcy Code, implicates the Thirteenth Amendment. *See In re Noonan*, 17 B.R. 793, 797, 799 (Bankr. S.D.N.Y. 1982). Chapter 13 has long contained section 1306(a), which, similarly to section 1115(a), makes earnings from post-petition personal services property of the estate. A chapter 13 case, however, can only be commenced voluntarily. *See* 11 U.S.C. § 303(a) (authorizing involuntary petitions only under chapters 7 and 11). Concerns about involuntary servitude have been cited in Congress's prohibition against the involuntary commencement of a chapter 13 case. *Toibb v. Radloff*, 501 U.S. 157, 166 (1991) (*citing* H.R. REP. NO. 595, 95th Cong., 1st Sess. 120). Chapter 11 for individuals, which now contains many of the same provisions regarding post-petition earnings as chapter 13, but without the requirement that an individual voluntarily elect his or her application, raises Thirteenth Amendment issues. *See generally*, Samuel L. Bufford & Erwin Chemerinsky, *Constitutional Problems in the 2005 Bankruptcy Amendments*, 82 AM. BANKR. L. J. 1, 27-36 (2008); Erwin Chemerinsky, *Constitutional Issues Posed in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, 79 AM. BANKR. L.J. 571

7

(2005); Robert J. Keach, *Dead Man Filing Redux: Is the New Individual Chapter Eleven Unconstitutional?*, 13 AM. BANKR. INST. L. REV. 483 (2005).

The interaction of sections 1104 and 1115 creates a serious Thirteenth Amendment issue. *See In re Clemente*, 409 B.R. 288, 293 (Bankr. D.N.J. 2009). *Clemente* addressed the situation of an individual chapter 11 debtor, a physician, with a chapter 11 trustee serving in the case trying to avoid having to turn over his post-petition earnings to the chapter 11 trustee by seeking to convert to chapter 7. Section 1112(a) did not afford him a conversion right, because he was no longer a debtor in possession. Section 1112(b) was unavailable to him, because the court determined that dismissal was not in the best interest of creditors. *Id.* at 290. The court stated:

> Upon assessing his situation, the Debtor realized that he was between the Charybdis of § 1115 and the Scylla of § 1112, with possible constitutional implications: the Code required Dr. Clemente to commit his future earnings to pay back his creditors, but the Code also – coupled with the appointment of the chapter 11 trustee – eliminated Dr. Clemente's ability to retreat from his commitment, which thereby, as argued by the Debtor, kept him captive in Chapter 11 as an indentured servant.

*Id.* at 290-91. The court determined that if the debtor were "unable to convert to a liquidation proceeding under Chapter 7, he would be forced to work for his creditors in breach of his freedoms guaranteed by the Thirteenth Amendment." *Id.* at 293. Ultimately, the court applied the doctrine of constitutional avoidance to construe section 1105 of the Code to permit the debtor to be restored to possession solely for the purpose of allowing him to move to convert under section 1112(a). *Id.* at 295.

The Thirteenth Amendment issue raised by the appointment of a chapter 11 trustee for an individual debtor issue is not avoided merely because the Debtor sought chapter 11 relief in response to the involuntary chapter 7 petition. "[S]imply filing for voluntary bankruptcy does not waive a debtor's Thirteenth Amendment right against involuntary servitude. A debtor must

8

not be forced with the choice of either gaining a 'fresh start' through bankruptcy relief or becoming an indentured servant to creditors." *Id.* The issue is also not avoided because neither section 1104 nor 1115 compels an individual to perform any post-petition services. These sections work an assignment of any and all future wages to the chapter 11 trustee. As the Supreme Court has observed:

> When a person assigns future wages, he, in effect, pledges his future earning power. The power of the individual to earn a living for himself and those dependent upon him is in the nature of a personal liberty quite as much if not more than a property right. To preserve its free exercise is of the utmost importance, not only because it is a fundamental private necessity, but because it is a matter of great public concern. *From the viewpoint of the wage-earner there is little difference between not earning at all and earning wholly for a creditor.* Pauperism may be the necessary result of either.

*Local Loan Co. v. Hunt*, 292 U.S. 234, 245 (1934) (emphasis added); *accord Clemente*, 409 B.R. at 291 n.3. Although the quoted passage construed the Bankruptcy Act rather than the Thirteenth Amendment, the principle remains the same: There is no difference to the individual between not earning at all and earning wholly for one's creditors. Unless the Debtor can exempt post-petition earnings from the estate,[3] an issue as to which the Debtor reserves his rights, the legal compulsion, involuntarily imposed, to turn over all of one's post-petition wages to the trustee is not saved from constitutional infirmity because the Debtor can choose to be idle. The Debtor would still have to rely on the trustee, the creditors' representative, for his subsistence.

The court need not reach this issue, however, because there is a way to interpret section 1104 of the Bankruptcy Code in a way that avoids the serious constitutional issue. The doctrine of constitutional avoidance requires a court to interpret a statute to avoid serious issues of the

---

[3] *See* 11 U.S.C. § 522(b); N.Y. CIV. PRAC. LAW ("CPLR") § 5205(d)(2); N.Y. DEBT. & CRED. LAW §§ 282, 284.

9

statute's validity, if such an interpretation is fairly possible. *Milavetz, Gallop & Milavetz, P.A. v. United States*, 130 S. Ct. 1324, 1333 (2010); *United States v. Security Industrial Bank*, 459 U.S. 70, 78 (1982); *Clemente*, 409 B.R. at 294-95. In the present case, the constitutional issues are avoided by interpreting section 1104 to allow the appointment of an examiner with expanded powers, as sought by the Debtor. Under such an order, the Debtor will remain a debtor in possession, and thus, retain his post-petition earnings, but his activities will be subject to appropriate scrutiny and supervision by an independent fiduciary. For the reasons stated in Point I above, such an interpretation is, at a minimum, fairly possible, accomplishes a result that is in the interest of the estate and the creditors, and does not raise serious constitutional issues.

As stated above, the revised proposed examiner order provides the appropriate safeguards to ensure that prior misconduct will not be repeated in the present case. Construing section 1104 to authorize the granting of such an order is permissible, avoids the serious constitutional issue, and results in an appropriate resolution of the United States Trustee's motion. For these reasons, the appointment of a chapter 11 trustee should be denied.

### III

**COLLATERAL ESTOPPEL IS INAPPLICABLE
BECAUSE OF DIFFERENT LEGAL ISSUES
AND MR. ESMERIAN'S WITHDRAWAL OF
<u>HIS OBJECTIONS TO CONFIRMATION.</u>**

Once again the United States Trustee argues that this Court's findings of fact and conclusions of law in its order confirming the chapter 11 plan of Fred Leighton Holdings, Inc. have collateral estoppel effect on a motion for the appointment of a chapter 11 trustee. This argument is incorrect.

150654

As before, the United States Trustee correctly states the grounds for invoking collateral estoppel or issue preclusion: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010). All four criteria are needed, but two are lacking in the application of collateral estoppel to the present motion.

It should be observed at the outset that the legal issues are not identical. The confirmation order findings were in connection with the equitable subordination of the Debtor's and REI's claims under 11 U.S.C. § 510(c). Equitable subordination concerns the priority of a creditor's claim in the hierarchy of distribution, and requires inequitable conduct that is injurious to creditors and that the subordination be consistent with the principles of the Bankruptcy Code. *See United States v. Noland*, 517 U.S. 535, 538 (1996); *Benjamin v. Diamond (In re Mobile Steel Co.)*, 563 F.2d 692, 700 (5th Cir. 1977); *80 Nassau Assocs. v. Crossland Fed. Sav. Bank (In re 80 Nassau Assocs.)*, 169 B.R. 832, 839 (Bankr. S.D.N.Y. 1994). The issue in the present case is whether a chapter 11 trustee should be appointed, based on "cause," is one in which there must be showing of the need for the appointment of a trustee, *1031 Tax Group*, 374 B.R. at 85; *Adelphia*, 336 B.R. at 655; *Ionosphere Clubs*, 113 B.R. at 167; and the focus is on the debtor's current activities, not past misconduct. *1031 Tax Group*, 374 B.R. at 86; *Sletteland*, 260 B.R. at 672. In addition, the Court should take into account whether there are measures short of a trustee for adequate supervision of the debtor in possession. *See* 2 Nancy C. Dreher & Joan N. Feeney, BANKRUPTCY LAW MANUAL, § 11A:12, at 270. The appointment of an examiner with

11

expanded powers is such a measure for adequate supervision of the debtor in possession in the present case.

Even with respect to factual issues, collateral estoppel does not apply, because as the United States Trustee has pointed out, the Debtor withdrew his objections to confirmation. Consequently, the factual issues were neither actually litigated nor necessary to support the final judgment. The result is a judgment based either on consent or default, either of which deprives the findings of preclusive effect as against the Debtor. *See Klingman v. Levinson*, 831 F.2d 1292, 1296 (7th Cir. 1987) (consent judgments); *FTC v. Wright (In re Wright)*, 187 B.R. 826, 834 (Bankr. D. Conn. 1995) (default judgments). *See generally*, 18 MOORE'S FEDERAL PRACTICE 3D §§ 132.03[2][i] (consent judgments), 132.03[2][k] (default judgments). Indeed, the confirmation order itself states, "By the withdrawal of the Esmerian Parties Objection, the Esmerian parties have *consented* to the subordination of their Claims as provided in the Amended Plan." Confirmation Order, ¶ TT at 34, *In re Fred Leighton Holding, Inc.*, No. 08-11363 (RDD) (Bankr. S.D.N.Y. Nov. 9, 2009) (emphasis added). The withdrawal of the objection, deemed a consent, therefore supplied an independent basis for the subordination.

The United States Trustee cites to several authorities in which defaults after some litigation nevertheless resulted in collateral estoppel effect. These authorities, however, deal only with the actual litigation requirement, not the necessity to support the judgment requirement, and also premised upon substantial participation in the litigation, over many months, prior to the default or consent. As recited in the confirmation order, dated November 9, 2009, the plan was initially proposed on October 9, 2009, and noticed for hearing on October 20, 2009. The exhibits to the United States Trustee's motion show that the Esmerian Parties' memorandum of law in support of their objections to confirmation is dated November 3, 2009,

12

and that the confirmation hearing at which the objection was withdrawn was held on November 6, 2009. This short time span between the filing of the objections and their withdrawal hardly constitutes the substantial participation called for in the authorities relied on by the United States Trustee.

Most importantly, collateral estoppel does not apply where the party seeking to benefit from preclusion has a significantly heavier burden in the subsequent action than in the prior action. *See Bath Iron Works Corp. v. Director, Office of Workers' Comp. Programs*, 125 F.3d 18, 21 (1st Cir. 1997); *Newport News Shipbuilding & Dry Dock Co. v. Director, Office of Workers' Comp. Programs*, 583 F.2d 1273, 1278-79 (4th Cir. 1978), *cert. denied*, 440 U.S. 915 (1979); RESTATEMENT (SECOND) OF JUDGMENTS § 28(4). "The lower burden in the prior action should not be allowed to benefit a party faced with a heavier burden in the subsequent action." 18 MOORE'S FEDERAL PRACTICE 3D § 132.02[4][e] at 132-63. On a motion to appoint a trustee, the burden of proof is clear and convincing evidence. *Bayou Group*, 564 F.3d at 546; *Adelphia*, 336 B.R. at 656. The case law on equitable subordination does not demand clear and convincing evidence, only a preponderance of the evidence. *Pinetree Partners, Ltd. v. OTR (In re Pinetree Partners, Ltd.)*, 87 B.R. 481, 488 (Bankr. N.D. Ohio 1988); *Ananconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 29 B.R. 139, 169 (Bankr. E.D.N.Y. 1983). Thus, the burden of proof for the findings on equitable subordination is significantly lower than for the appointment of a trustee. *See Laganella v. Braen (In re Braen)*, 900 F.2d 621, 624 (3d Cir.) (refusing to apply collateral estoppel where the fraud issue in action one was established by the preponderance of

13

the evidence, but the fraud issue in action two, involving dischargeability, was held to require clear and convincing evidence), *cert. denied*, 498 U.S. 1066 (1990).[4]

As a result, collateral estoppel does not require the appointment of a chapter 11 trustee.

### Conclusion

For all the foregoing reasons, the Debtor respectfully requests that the United States Trustee's motion to appoint a chapter 11 trustee should be denied, that an examiner with expanded powers be appointed instead, and that the Debtor be granted such other and further relief as is just.

Dated:  New York, New York
        July 30, 2010

Respectfully submitted,

BECKER, GLYNN, MELAMED & MUFFLY LLP
  Proposed Attorneys for Debtor
  and Debtor in Possession

By: */s/ Alec P. Ostrow*
    Alec P. Ostrow
    299 Park Avenue
    New York, New York 10171
    (212) 888-3033
    aostrow@beckerglynn.com

---

[4] Although subsequent to the decision in *Braen*, the Supreme Court determined that the preponderance of the evidence is the appropriate burden of proof in dischargeability actions, *Grogan v. Garner*, 498 U.S. 279 (1991); the principle for which *Braen* is cited, namely that if the second action requires a clear and convincing standard, a finding in a prior action for which the preponderance standard was used cannot have collateral estoppel effect, remains applicable.

14

150654