```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                   :
In re                              :   Case No. 10-12721 (RDD)
                                   :
RALPH ESMERIAN,                    :   (Chapter 11)
                                   :
                Debtor.            :
                                   :
-----------------------------------x
```

**ORDER GRANTING DEBTOR'S MOTION
FOR APPOINTMENT OF AN EXAMINER
WITH EXPANDED POWERS AND DENYING
TRUSTEE MOTION WITHOUT PREJUDICE**

Upon the motion, dated July 27, 2010 of the United States Trustee for Region 2 (the "United States Trustee") for the appointment of a Chapter 11 trustee (the "Trustee Motion"); and upon the joinder to the Trustee Motion filed by Merrill Lynch Mortgage Capital Inc. and the FHLI Liquidation Trust, dated July 30, 2010; and upon the memorandum of law in opposition to the Trustee Motion filed by Ralph Esmerian, the debtor and debtor-in-possession herein ("Esmerian" or the "Debtor"), dated July 30, 2010; and upon the renewed motion of the Debtor for the appointment of an examiner with expanded powers (the "Examiner") dated July 30, 2010 (the "Renewed Examiner Motion"); and upon the record of the hearing held on August 2, 2010 on the Trustee Motion and the Renewed Examiner Motion; and the Court having heard the arguments of the United States Trustee, the Debtor and other parties in interest; and, after due deliberation, the Court having announced its decision on the record of the proceedings of

1

August 2, 2010; and for the reasons set forth in such bench ruling,

It is ORDERED:

1.  The Trustee Motion is denied without prejudice.

2.  The Renewed Examiner Motion is granted to the extent set forth herein.

3.  The United States Trustee is directed to appoint an Examiner.  Such Examiner shall be the same person who is appointed as examiner in the case of R. Esmerian, Inc., Case No. 10-12719 (RDD), provided, however, that in the event the Examiner believes that there is an actual conflict between the estates of Esmerian and R. Esmerian, Inc. ("REI"), the Examiner shall report such conflict to the Court, the United States Trustee, and any official committee of unsecured creditors (the "Committee") as soon as is practicable.  In the event of an actual conflict, whether reported by the Examiner or otherwise, the United States Trustee or any party in interest may seek the appointment of another Examiner or other means of addressing such conflict.

4.  The Examiner shall have all of the rights, powers and duties authorized of a Chapter 11 trustee under 11 U.S.C. §§ 1104 and 1106, except:

a.  the Examiner shall recommend a budget for the Debtor, including limitations and restrictions upon expenditures and the use of property of the Debtor (the "Budget"); shall seek

Court orders to implement the Budget and to turn over to the Examiner excess income of the Debtor; and shall hold (subject to further Court order) funds of the estate in the Examiner's escrow account to the extent directed by the Court;

      b.    The Debtor may market assets of the estate under the supervision and control of the Examiner and, subject to Section 363 of the Bankruptcy Code, may sell such assets with prior consent of the Examiner;

      c.    The Debtor shall remain a debtor-in-possession with respect to his ability to retain counsel, subject to this Court's approval, in accordance with Section 327(a) of the Bankruptcy Code and the applicable Bankruptcy Rules, with the compensation and reimbursement of such counsel subject to Sections 330 and 331 of the Bankruptcy Code and the applicable Bankruptcy Rules and the Local Rules and fee and expense guidelines of the Court.

      d.    The Debtor shall retain possession, custody and control over the following, without altering whether such property is or is not property of the Debtor's bankruptcy estate:

          (i)    The Debtor's residential apartment and all furniture and appliances, food and beverages located therein;

          (ii)    The Debtor's wearing apparel, including items of personal jewelry such as watches, rings, cufflinks and similar items;

     (iii) The Debtor's family pictures, mementoes, and books;

     (iv) Subject to Paragraph 4(a) above, cash or equivalents of not more than $10,000, plus all postpetition earnings from personal services; and

     (v) All property properly exempted from the estate in accordance with Section 522 of the Bankruptcy Code; *provided*, *however*, that (a) the Debtor shall allow the Examiner within seven (7) business days of the date of appointment of the Examiner to view the foregoing assets of which the Debtor is keeping possession, custody or control (with the exception of food and beverages) so that the Examiner can inventory such assets; and (b) the Examiner may apply to the Court for appropriate relief modifying this subparagraph 4.d.

  5. The Examiner shall post a bond in an amount reasonably acceptable to the United States Trustee.

  6. The Examiner shall retain Esmerian on behalf of REI and pay him fair compensation (which shall be presumed to be his existing salary of $75,000, subject to further review by the Examiner), *provided* that the Examiner may petition the Court for appropriate relief from this requirement, including, but not limited to, termination of Esmerian upon five (5) business days' notice to REI, Esmerian, the United States Trustee and any Committee.

7. In accordance with Sections 704(a)(2) and (a)(7) of the Bankruptcy Code, as incorporated in Section 1106(a)(1) of the Bankruptcy Code, the Examiner shall be accountable for all property received, and shall furnish such information concerning such property received as is requested by the United States Trustee or a party in interest.  The omission in this Order of any right, power or duty of the Examiner shall not diminish or otherwise change the Examiner's rights, powers and duties as set forth in paragraph 4 of this Order.

8. The Examiner shall have the right to retain professional persons to assist the Examiner in carrying out the Examiner's duties as set forth in this Order, subject to this Court's approval, in accordance with Section 327(a) of the Bankruptcy Code and the applicable Bankruptcy Rules, with the compensation and reimbursement of such professionals to be subject to Sections 330 and 331 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules and fee and expense guidelines of this Court.

9. Nothing in this Order shall be deemed to excuse the compliance by the Examiner or Esmerian with any applicable provisions of the Bankruptcy Code or the Bankruptcy Rules with respect to the disposition of property of the estate or any other issue.

10. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated:   White Plains, New York
         August 5, 2010

                                   /s/Robert D. Drain
                                   HONORABLE ROBERT D. DRAIN
                                   UNITED STATES BANKRUPTCY JUDGE