Hearing Date: November 1, 2010 at 10:00 a.m.
Objection Deadline: October 25, 2010 at 4:00 p.m.

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Robert J. Feinstein, Esq.
Ilan D. Scharf, Esq.
Beth E. Levine, Esq.

Proposed Counsel for the Examiner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>R. ESMERIAN, INC.,<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 10-12719 (RDD) |
| In re:<br><br>RALPH ESMERIAN,<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 10-12721 (RDD) |

**MOTION OF EXAMINER FOR ORDER AUTHORIZING EXAMINATIONS**
**AND SERVICE OF SUBPOENAS PURSUANT TO SECTIONS**
**105(a) AND 1104 OF THE BANKRUPTCY CODE AND**
**RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

　　　　　R. Todd Neilson (the "Examiner"), the duly appointed examiner with expanded

powers in the above-captioned cases (collectively, the "Cases") of R. Esmerian, Inc. ("REI") and

Ralph Esmerian ("Mr. Esmerian," and collectively, the "Debtors"), hereby files this motion (the

"Motion") for an order, pursuant to sections 105(a) and 1104 of the Bankruptcy Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Examiner to serve subpoenas pursuant to Bankruptcy Rule 2004 for documents, information and/or testimony without further order of the Court.  In support of the Motion, the Examiner respectfully states as follows:

**Preliminary Statement**

1. Through this Motion, the Examiner requests entry of an order authorizing him to serve subpoenas for documents and oral examinations pursuant to Bankruptcy Rule 2004 without further order of the Court.  It is contemplated that the Examiner will conduct a broad investigation of, *inter alia*, the Debtors' prepetition financial condition and prepetition transactions between the Debtors and third parties.

2. Upon information and belief, REI is a wholesale jeweler of rare and high quality jewelry and was engaged in financing and commercial transactions with hundreds, if not thousands, of counterparties during the years prior to the filing of the cases.  Similarly, upon information and belief, in the years prior to the filing of the Cases, Mr. Esmerian, the owner of REI, personally engaged in financing and commercial transactions with many counterparties in connection with the business of REI, including complex multiparty transactions that are the subject of litigation before this Court.  Mr. Esmerian has also engaged in various transactions relating to the acquisition and disposition of his extensive art collection.

3. Thus, in order to conduct his investigation, it is highly probable that the Examiner will be required to seek examinations of a large number of entities and individuals, and it would be unduly burdensome to the Examiner, the Debtors' estates, and the Court for the Examiner to seek entry of a separate order to authorize a Rule 2004 examination of each party.

Moreover, seeking an order prior to each examination may slow down the Examiner's investigation. As such, the Examiner seeks entry of a single order of the Court authorizing him to issue subpoenas and seek discovery through Rule 2004. The Examiner also requests that the Court establish a deadline of ten (10) days for parties to object to, or move to quash, any subpoenas issued by the Examiner.

### Jurisdiction and Venue

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 105(a) and 1104 of the Bankruptcy Code and Bankruptcy Rule 2004.

### Background

6. On May 24, 2010, Stewardship Credit Arbitrage Fund, LLC, Stewardship Credit Opportunity Fund Ltd., and Northlight Fund L.P. (collectively, the "Petitioning Creditors") filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against each of the Debtors.[1] On July 23, 2010, the Court entered an Order in each case converting it to one under chapter 11 [REI Docket No. 39; Esmerian Docket No. 39].

7. The Debtors' Cases are not jointly administered or consolidated at this time. By motion (the "Joint Administration Motion") dated September 20, 2010, the Examiner sought entry of an order directing joint administration of these cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The proposed order granting the relief requested in

---

[1] REI's chapter 11 case shall be referred to herein as the "REI Case" and Mr. Esmerian's chapter 11 case shall be referred to herein as the "Esmerian Case."

the Joint Administration Motion is scheduled to be presented to this Court on October 8, 2010 at 12:00 p.m.

8. On July 27, 2010, the United States Trustee for Region 2 (the "U.S. Trustee") filed the *United States Trustee's Motion for the Appointment of a Chapter 11 Trustee* in each of the Cases (the "UST Motions"). In the UST Motions, the U.S. Trustee noted that in the cases of In re Fred Leighton Holdings, Inc., et al., 08-11363 (RDD) (the "Fred Leighton Cases"), this Court found that Mr. Esmerian and REI engaged in inequitable conduct that caused substantial harm to the creditors of the bankruptcy estates in the Fred Leighton Cases. In addition, the U.S. Trustee noted that Mr. Esmerian and REI had admitted in pleadings filed with this Court that (i) they had engaged in fraudulent and dishonest conduct, including misappropriating estate assets and misleading the Court, and (ii) Mr. Esmerian had engaged in gross mismanagement in running REI's business. On those bases, in the UST Motions, the U.S. Trustee sought the appointment of a chapter 11 trustee in each of these Cases.

9. On July 30, 2010, REI filed the *Debtor's Renewed Motion for the Appointment of Examiner With Expanded Powers* [REI Docket No. 52] in the REI Case. Also on July 30, 2010, Mr. Esmerian filed the *Debtor's Renewed Motion for the Appointment of Examiner With Expanded Powers* [Esmerian Docket No. 52] in the Esmerian Case. On August 5, 2010, the Court entered an *Order Granting Debtor's Motion for Appointment of an Examiner With Expanded Powers and Denying Trustee Motion Without Prejudice* (the "Examiner Order") in each of the Cases [REI Docket No. 61; Esmerian Docket No. 61].

10. On August 12, 2010, the U.S. Trustee filed a *Notice of Appointment of Examiner* (the "Examiner Notice") [REI Docket No. 65; Esmerian Docket No. 68] notifying parties in interest of the Examiner's appointment in each of the Cases. On August 18, 2010, the

Court entered an *Order Approving Appointment of Examiner with Expanded Powers* [REI Docket No. 68; Esmerian Docket No. 73] in each of the Cases, which, among other things, approved the appointment of the Examiner.

**Relief Requested**

11.  By this Motion, the Examiner seeks entry of an order, substantially in the form attached hereto as **Exhibit A,** authorizing the Examiner to conduct examinations under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2004 without further order of the Court.

**Basis for Relief Requested**

12.  Bankruptcy Rule 2004 provides, in relevant part, that "on motion of any party in interest, the Court may order the examination of an entity." Fed. R. Bankr. P. 2004(a). Pursuant to Bankruptcy Rule 2004, as a party in interest, the Examiner seeks authority to engage in discovery, including, without limitation, conducting oral examinations of, and issuing subpoenas to, various third parties, as the Examiner deems necessary and appropriate in order to perform his statutory duties and effectively investigate and pursue causes of action under the Stipulation (collectively, the "Discovery"). The Examiner is likely to seek information and/or testimony relating to transactions or business relationships between and among targets of any Rule 2004 Subpoena (as defined below), the Debtors and/or their respective employees, officers, shareholders, members or principals.

13.  Generally, in this District, parties file a separate motion seeking authority to conduct Bankruptcy Rule 2004 examinations with respect to each examination. However, under the circumstances of these cases, including the admitted misappropriation of assets of the Debtors' estates by Mr. Esmerian and REI and Mr. Esmerian's gross mismanagement of REI, as

well as the hundreds of transactions entered into by Mr. Esmerian on his own behalf and that of REI, the Examiner anticipates that it will be necessary to seek a large number of Bankruptcy Rule 2004 examinations in order to discharge his statutorily mandated duties of investigating the "conduct, assets, and liabilities" of the Debtors and evaluating potential claims and causes of action to be brought on behalf of the Debtors. In light of this, filing separate motions for each Bankruptcy Rule 2004 examination the Examiner seeks would be unduly burdensome, because (i) as noted above, the Examiner anticipates that he will be required to seek a large number of Bankruptcy Rule 2004 examinations, (ii) any delay in seeking such examinations may lead to dissipation of any recoverable assets, and (iii) filing numerous subpoenas with the Court will burden the Court and the Examiner and almost certainly generate additional administrative costs in these Cases.

14. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order… that is necessary or appropriate to carry out provisions of this title." The Examiner Order provides that "the Examiner will have all of the rights, powers and duties of authorized of a chapter 11 trustee under 11 U.S.C. 1104 and 1106 [except with respect to the marketing and sale of the assets of the Debtors' estates]." The Investigation will, *inter alia*, assist the Examiner to fulfill his statutory duty to "investigate the acts, conduct, assets, liabilities, and financial condition of the [D]ebtor[s],."11 U.S.C. § 1104(c)(2), and to thereby uncover assets and determine whether there are potential claims and causes of action that can be brought on behalf of the Debtors' estates.

15. The relief requested in this Motion will help the Examiner perform this and other statutory functions more efficiently by reducing the burden and cost to the Court, the

Examiner, the Debtors' estates, and all other parties in interest in this case. Moreover, the substantive rights of any party will not be reduced or expanded by the relief requested.

16. As such, the Examiner seeks entry of an order streamlining the Rule 2004 discovery process by implementing the following procedures (the "<u>Subpoena Procedures</u>"):

    a. The Examiner shall be authorized to issue and serve subpoenas (each such subpoena, a "<u>Rule 2004 Subpoena</u>") for examinations pursuant to Bankruptcy Rule 2004 without further order of the Court.

    b. The Examiner shall serve each Rule 2004 Subpoena and a copy of the order entered pursuant to this Motion on (i) the target of the Rule 2004 Subpoena and (ii) counsel to any statutory committee appointed in these Cases.

    c. The Examiner shall file with the Court an affidavit or declaration of service for each Rule 2004 Subpoena it serves.

    d. Targets of a Rule 2004 Subpoena and any party in interest shall have ten (10) days after any Rule 2004 Subpoena is served to object to and/or seek to quash such Rule 2004 Subpoena.

    e. These Subpoena Procedures shall not affect the substantive rights of any party with respect to a Rule 2004 Subpoena. The Subpoena Procedures outlined herein relate solely to (i) issuance of a Rule 2004 Subpoena by the Examiner and (ii) the time in which parties may object or seek to quash such subpoena.

17. While the Examiner recognizes that the general practice of this Court is to file a motion for authority to conduct each Rule 2004 examination, the Examiner seeks authority to engage in any Discovery that he deems necessary and appropriate to carry out its statutory

duties without the need for further orders of this Court.[2] This process will enable the Examiner to engage in the necessary Discovery immediately and to move quickly as the investigation unfolds, and to thereby efficiently fulfill his obligations under the Examiner Order. Thus, the relief requested herein will (a) minimize costs to the Debtors' estates and (b) allow the Examiner to conduct an efficient Investigation. The relief requested in this Motion has been granted in other cases in this District. *See, e.g.*, *Order Authorizing Discovery Requests and Subpoenas Pursuant to Fed. Rule Bankr. P. 2004*, in *In re Salander-O'Reilly Galleries, LLC*, Case No. 07-30005 (CGM), dated May 15, 2008 [Docket No. 385] (annexed hereto as **Exhibit B**); *Order Granting Authority to Issue Subpoenas for the Production of Documents and the Examination of Witnesses*, in *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (BRL), dated January 12, 2009 [Docket No. 31] (annexed hereto as **Exhibit C**).

## Notice

18. The Examiner has served notice of this motion on (i) the Office of the United States Trustee for the Southern District of New York, (ii) those listed on the matrix of creditors in each Case, (iii) counsel to REI, and (iv) counsel to Esmerian.

19. No previous request for the relief sought herein has been made by the Examiner to this or any other Court.

WHEREFORE, the Examiner respectfully requests the Court grant the relief requested herein and such other and further relief as is just and proper.

---

[2] Where practicable, the Examiner will attempt to obtain Discovery on a consensual basis and without the need for issuance of a Rule 2004 Subpoena.

Dated: October 8, 2010  
   New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Robert J. Feinstein*
Robert J. Feinstein, Esq.
Ilan D. Scharf, Esq.
Beth E. Levine, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Proposed Counsel for the Examiner

NY/21855.2